**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re:

**TYMEKA L. HAZELWOOD,**                                   Case No. 12-34669-KLP

   Debtor.                                                 Chapter No. 13

**REGIONAL ACCEPTANCE CORPORATION, INC.**

   Plaintiff,

v.

**TYMEKA L. HAZELWOOD, Debtor**
**MARIE HAZELWOOD, Co-Debtor**
**and CARL M. BATES, Trustee,**

   Defendants.

### CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was before the Court on November 6, 2013 on the Motion of Regional Acceptance Corporation, Inc. ("Plaintiff"), for relief from the automatic stay with respect to certain personal property, to-wit: 2007 Toyota Camry, Vehicle Identification No. 4T1BE46K67U665297 ("Vehicle").

Upon consideration of which, it is:

1.  The debtor will resume making regular monthly installment payments in the amount of $436.07 as they become due commencing on November 16, 2013.

2.  The debtor will cure the post-petition arrearage currently due to the movant through October 16, 2013 in the total amount of $2,409.52, which includes late charges, deferred late charges, filing fees and attorney's fees, by making the following payments:

    a.   $401.59 on or before November 7, 2013.

**Deborah S. Kirkpatrick, Esq.**
VSB #32987
Post Office Box 10275
Virginia Beach, VA 23450-0275
Ph: (757) 233-0281; Fax: (757) 233-0277
**Counsel for Regional Acceptance Corporation, Inc.**

    b.  $401.59 on or before December 7, 2013.
    c.  $401.59 on or before January 7, 2014.
    d.  $401.59 on or before February 7, 2014.
    e.  $401.59 on or before March 7, 2014.
    f.  $401.59 on or before April 7, 2014.

  3.  In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to the debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a.  That the debtor is in default in making at least one payment required under this order;

    b.  The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;

    c.  The action necessary to cure the default, including any address to which payments must be mailed;

    d.  That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:

      i.  cure the default;

      ii.  file an objection with the court stating that no default exists; or

      iii.  file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

    e.  That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that is has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

    f.  That if the automatic stay is terminated, the collateral may be sold at foreclosure.

  If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order

2

and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment or any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normal sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys fees in the amount of

$150.00 for issuance of a notice of default, and an additional $150.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

    8.    Contingent relief is also granted hereunder as to the Co-Debtor Marie Hazelwood and the terms of this Order shall apply to the Co-Debtor, and in the event Plaintiff is entitled to relief as to the Debtor, Plaintiff shall also be entitled to relief as to the Co-Debtor.

Richmond, Virginia

October __, 2013

Nov 6 2013

/s/ Keith L. Phillips

Keith L. Phillips, Judge
United States Bankruptcy Court
Eastern District of Virginia

ENDORSEMENTS of

Entered on Docket: Nov 7 2013

/s/ Deborah S. Kirkpatrick
Deborah S. Kirkpatrick, Esq.
Counsel for Regional Acceptance Corporation, Inc.

/s/ Linda D. Jennings
Linda D. Jennings, Esq., Counsel for Debtor

/s/ Carl M. Bates
Carl M. Bates, Trustee

Copy to:

Deborah S. Kirkpatrick, Esq.
P.O. Box 10275
Virginia Beach, VA 23450-0275

Linda D. Jennings, Esq.
Via CM/ECF
02312 Boulevard
Colonial Heights, VA 23834

Carl M. Bates, Trustee
Via CM/ECF
P.O. Box 1819
Richmond, VA 23218

Tymeka L. Hazelwood, Debtor
Marie Hazelwood, Co-Debtor
Via U.S. Mail
6011 Wainwright Dr.
Richmond, VA 23225

## **CERTIFICATION**

      The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 (with the exception of the Co-Debtor language) and that no modifications, additions, or deletions have been made and the undersigned hereby certifies that the foregoing order has been served on all necessary parties pursuant to Bankruptcy Rule 9022 who are as follows: Tymeka L. Hazelwood, 6011 Wainwright Dr., Richmond, VA 23225; Marie Hazelwood, 6011 Wainwright Dr., Richmond, VA 23225; Linda D. Jennings, Esq., 2312 Boulevard, Colonial Heights, VA 23834; and Carl M. Bates, Trustee, P.O. Box 1819, Richmond, VA 23218.

      /s/ Deborah S. Kirkpatrick
      Counsel for Movant